

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY - 7 2018
ARTHUR JOHNSTON
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**Natasha W. Tyler,**                                                    **PLAINTIFF**

**V.**                                                    No. 3:18cv 289-HTW-LRA

**Hinds Behavioral Health Services, Region 9;**          **DEFENDANTS**
**Hinds County Mental Health Commission.**

### COMPLAINT

In this disability and retaliation case, Plaintiff Natasha W. Tyler asked for reasonable accommodations in being permitted to occasionally turn in certain paperwork one day after it was requested. Instead, Ms. Tyler was fired. In so doing, her employer, Hinds Behavioral Health Services, violated the Rehabilitation Act (Section 504), Americans with Disabilities Act, and the Family Medical Leave Act. For these reasons, COMES NOW THE PLAINTIFF and alleges as follows:

### JURISDICTION, VENUE

1. Jurisdiction is proper in this court under 28 U.S.C. § 1331 because this claim arises under numerous federal laws, including the Rehabilitation Act.

2. Venue is proper in this court under 28 U.S.C. § 1391 because the work at issue is located in Hinds County, Mississippi.

### LIMITATIONS, ADMINISTRATIVE EXHAUSTION

3. Plaintiff has brought these claims within the statute of limitations, and has utilized all required procedures for pursuing these claims against the Defendants concerning the subject matter of this action.

4. Plaintiff was terminated on January 17, 2018.

5. Plaintiff filed a timely Equal Employment Opportunity Commission charge on February 28, 2018.

6. The right to sue letter was issued thereafter. (Exhibit 1)

7. This complaint was filed within 90 days of receipt of the right to sue.

8. Plaintiff has satisfied all administrative exhaustion requirements for this suit.

## PARTIES

9. Plaintiff Natasha W. Tyler is an adult resident of Hinds County, Mississippi. She is a former employee of Defendant Hinds Behavioral Health Services, Region 9.

10. Defendant Hinds Behavioral Health Services, Region 9, is doing business as Hinds Behavioral Health Services.

11. It is an employer as defined under the Americans with Disabilities Act, the Rehabilitation Act, and the Family Medical Leave Act.

12. It receives federal funds and is subject to the Rehabilitation Act, Section 504.

13. Defendant Hinds County Mental Health Commission is the governing body of Hinds Behavioral Health Services.

## FACTS

14. Ms. Tyler was hired by Defendants in 2012.

15. She was promoted on or about 2014, and began working as a community support specialist.

16. Her performance evaluations were satisfactory throughout her employment until 2017.

17. In 2017, she began experiencing more severe symptoms related to her medical condition.

18. Specifically, she was diagnosed with anxiety and depression disorders (among other things).

19. These medical conditions interfered with her sleep, and made it more difficult for her to concentrate and stay on task

20. The condition was so severe that she was medically incapacitated from on or about August 24, 2017, until on or about September 18, 2017.

21. She took leave under the Family Medical Leave Act during that time, which leave was approved by Defendants.

22. On her return, she requested a number of reasonable accommodations.

23. Among other things, she asked that she be permitted - on occasions where her symptoms or reactions to medication flared up - to turn in certain paperwork associated with her job one day later than would otherwise be requested by Defendants.

24. Specifically, the paperwork in question is known by the acronym "SADR," and contains a summary of treatment and condition of patients.

25. It would have imposed no hardship on Defendants to receive this paperwork at the time requested in her reasonable accommodation request.

26. Defendants did not grant or deny the request.

27. They did not engage in any interactive process with Plaintiff to determine what accommodations she may need.

28. They did not inform her that her request was not reasonable. They did not allege that turning in SADRs without even one day's delay was an essential function of the job.

29. They did, however, grant Ms. Tyler authorization to turn in her SADRs late - as she had requested - on a number of specific occasions.

30. Her supervisor "signed off" on the late receipt of this paperwork a number of times.

31. However, Defendants also began issuing write-ups known as "Corrective Action Notices" for turning the paperwork in late.

32. This included, on a number of occasions, disciplining her for turning in the paperwork "late" even though she had explicit approval from her supervisor to turn in the paperwork at the time that she did.

33. On January 17, 2018, Ms. Tyler was fired.

34. The sole reason given for her termination was late SADRs.

35. This reason is a pretext for unlawful retaliation and discrimination against her based on her disability, her requesting leave, and her requests for reasonable accommodation.

36. In addition, the effective denial of her accommodation, and the failure to engage in any interactive process, directly resulted in her termination.

37. The continual threat of discipline and the ultimate termination also resulted in a hostile work environment because of her disability and protected activity.

## CAUSES OF ACTION

**COUNT 1: Rehabilitation Act, Sec. 504, ADA failure to accommodate.**

38. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

39. Plaintiff is a qualified individual with a disability under the Rehabilitation Act and ADA.

40. Defendants unlawfully failed to engage in any interactive process with Plaintiff concerning reasonable accommodations.

41. Defendants unlawfully failed to accommodate Plaintiff's medical condition.

42. As a result, Plaintiff was harmed, and continues to be harmed.

43. In so doing, Defendants violated the law.

**COUNT 2:  Rehabilitation Act, Sec. 504, ADA discrimination**

44. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

45. Plaintiff is a qualified individual with a disability under the Rehabilitation Act and ADA.

46. Defendants discriminated against Plaintiff based on her disability.

47. As a result, Plaintiff was harmed, and continues to be harmed.

48. In so doing, Defendants violated the law.

**COUNT 3:  Rehabilitation Act, Sec. 504, ADA, FMLA retaliation**

49. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

50. Plaintiff is a qualified individual with a disability under the Rehabilitation Act and ADA.

51. Plaintiff engaged in protected activity under these statutes by requesting reasonable accommodations for her medical condition.

52. Plaintiff is a qualified employee who requested leave under the Family Medical Leave Act.

53. Defendants retaliated against Plaintiff based on these protected activities.

54. As a result, Plaintiff was harmed, and continues to be harmed.

55. In so doing, Defendants violated the law.

### REMEDIES

Plaintiff seeks all remedies available under the statutes and doctrines cited herein, including but not limited to the following:

a. A final judgment declaring that the actions of Defendants described herein violate the law as alleged;

b. Lost wages in backpay;

c. Front pay or reinstatement, as appropriate;

d. An injunction curing the violations alleged herein, and prohibiting any future similar violations;

e. Any other equitable relief as the court deems appropriate.

f. Compensatory damages for emotional distress and any other non-pecuniary harms flowing from the actions alleged herein;

g.  Consequential damages and any other pecuniary harms flowing from the unlawful acts complained of herein;

h.  Punitive damages commensurate with the misconduct and necessary to deter violations of the Act;

i.  Notice given to all employees regarding the violations found by this court, and notifying such employees of the order entered proscribing any future similar violations;

j.  Pre and post judgment interest;

k.  Attorney fees;

l.  Costs; and

m.  Any other relief available in law or equity.

The foregoing Complaint is respectfully submitted on behalf of Plaintiff by and through counsel:

/s/Joel Dillard        Date: May 7, 2018
Joel Dillard
JOEL F. DILLARD, PA
775 N. Congress St.
Jackson, MS 39202
Ph: 601-487-7369
Email: joel@joeldillard.com
M.S. Bar No. 104202
Counsel for Plaintiff